**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 13-4086**

───────────

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

      v.

DAVID MATTHEW HALLMAN,

               Defendant - Appellant.

───────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:12-cr-00010-CCE-1)

───────────

Submitted: November 21, 2013    Decided: December 13, 2013

───────────

Before SHEDD, DUNCAN, and DIAZ, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Stacey D. Rubain, QUANDER & RUBAIN, P.A., Winston-Salem, North Carolina, for Appellant. Anand P. Ramaswamy, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Matthew Hallman pled guilty, pursuant to a written plea agreement, to four counts of using a minor child to engage in sexually explicit conduct for the purpose of creating child pornography, in violation of 18 U.S.C. § 2251(a), (e) (2012). Although Hallman's Guidelines range resulted in a life sentence, this was limited by the applicable thirty-year statutory maximum. See 18 U.S.C. § 2251(e). The district court thus imposed four consecutive thirty-year sentences, resulting in an aggregate term of 1440 months' imprisonment. See U.S. Sentencing Guidelines Manual § 5G1.2(d) (2011).

On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no nonfrivolous grounds for appeal, but asking us to review Hallman's convictions and the reasonableness of the sentence. Although advised of his right to file a pro se supplemental brief, Hallman has not done so. The Government has declined to file a response brief. For the reasons that follow, we affirm.

Because Hallman did not move in the district court to withdraw his guilty plea, we review the Fed. R. Crim. P. 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). To prevail under this standard, Hallman must establish that an error occurred, that this error was plain, and that it affected his substantial rights. United

States v. Massenburg, 564 F.3d 337, 342–43 (4th Cir. 2009). Our review of the record establishes that the district court fully complied with the mandates of Rule 11, ensuring that Hallman's plea was knowing and voluntary, and supported by an independent basis in fact. We therefore affirm Hallman's convictions.

We review Hallman's sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. We first assess whether the district court properly calculated the advisory Guidelines range, considered the factors set forth in 18 U.S.C. § 3553(a) (2012), analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49–51; see United States v. Lynn, 592 F.3d 572, 575–76 (4th Cir. 2010).

If there is no procedural error, we review the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). If the sentence is within the defendant's properly calculated Guidelines range, we apply a presumption of substantive

reasonableness. United States v. Bynum, 604 F.3d 161, 168-69 (4th Cir. 2010); see Rita v. United States, 551 U.S. 338, 347 (2007) (permitting appellate presumption of reasonableness for within-Guidelines sentence).

We have thoroughly reviewed the record and conclude that the sentence is both procedurally and substantively reasonable. We discern no error in the district court's computation of Hallman's Guidelines range, the opportunities it provided Hallman and his counsel to speak in mitigation, or its explanation of the sentence imposed by reference to the relevant § 3553(a) factors. In addition to noting its overall consideration of the relevant sentencing factors, the district court opined that the aggregate 1440-month sentence was appropriate given the seriousness of Hallman's offense conduct, which included recording the repeated rapes and sexual abuse he and his co-defendant inflicted on multiple minor children, and the need to impose a just punishment that would protect the public from any such future criminal conduct by Hallman. Finally, we have found no basis in the record to overcome the presumption of reasonableness accorded the within-Guidelines sentence the district court imposed.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the judgment of the district court.

4

This court requires that counsel inform Hallman, in writing, of the right to petition the Supreme Court of the United States for further review. If Hallman requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hallman. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED